IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JUSTIN SHERWOOD, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. _____ ) |
| v. | ) Class and Collective ) Action Complaint |
| COOK OUT, INC., | ) ) Jury Trial Demanded |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Justin Sherwood, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), files this Class and Collective Action Complaint (the "Complaint") against Defendant Cook Out, Inc. ("Defendant" or "Cook Out"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, KRS 337.020 (referred to herein as "Kentucky's Wage Payment Collection Law" or "KWPCL"), and, in the alternative to the KWPCL claim for the class, K.R.S. 446.070 (referred to herein as the "Kentucky Remedies Law" or "KRL"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other current and former Managers-in-Training ("MITs"), as well as Assistant Managers ("AMs") (collectively "Managers"), employed by Defendant in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or

"Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2.  Plaintiff Sherwood brings this action under the KWPCL and, in the alternative, the KRL pursuant to FED. R. CIV. P. 23 on behalf of all Managers (and other individuals paid by the same compensation method holding comparable positions but different titles) employed by Cook Out at its stores within the State of Kentucky at any time during the five years prior to the filing of this action and the date of final judgment in this action (the "Class"). Cook Out violated the KWPCL and KRL by failing to pay Managers for all hours worked, failing to pay Managers overtime on a timely basis, and failing to pay Managers the legally required amount of overtime compensation required by law for all hours worked over 40 in a workweek. Plaintiff and the Class are entitled to unpaid wages from Cook Out for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.  This Court has jurisdiction over Plaintiff's KWPCL and KRL claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA") and 28 U.S.C. § 1367. The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

5.  Upon information and belief, at least one member of the proposed classes is a citizen of a state different from that of the Defendant.

6. The class claims involve matters of national or interstate interest.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and at least one Plaintiff resides in this District.

8. Upon information and belief, Defendant regularly conducts business in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **THE PARTIES**

*The Plaintiffs*

10. Plaintiff Sherwood is an individual residing in Berea, Kentucky.

11. During all relevant times, Plaintiff Sherwood was employed by Cook Out, including from approximately Sept. 15, 2014 to Nov. 21, 2014 as a MIT at Defendant's store located in Richmond, Kentucky.

12. Plaintiff Sherwood worked in excess of 40 hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation in a timely manner as required by federal and state laws. By way of example, Plaintiff worked more than 40 hours per week during the week of October 27, 2014.

*The Defendant*

13. Defendant Cook Out, Inc. is a privately held company with its headquarters at 15 Laura Lane, STE 300, Thomasville, NC 27360.

14. Defendant operates a chain of over 150 restaurants in Georgia, Kentucky, Maryland, North Carolina, South Carolina, Tennessee and Virginia.

15. On information and belief, Defendant's business sales exceeded $95,000 in Kentucky for each year since 2013.

16. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

17. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

18. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Cook Out has had and has a gross volume of sales made or business done of at least $500,000.

19. At all times relevant herein, Plaintiff and the putative classes and collective, were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20. Defendant issued paychecks to the Plaintiff and all similarly situated employees during their employment.

21. Defendant directed the work of Plaintiff and similarly situated employees, and benefited from work performed that Defendant suffered or permitted from them.

22. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and the KWPCL and KRL.

## FACTUAL ALLEGATIONS

23. Defendant employed Plaintiff, the Collective, and the Class.

24. Defendant maintains control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff, the Collective, and the Class.

25. Plaintiff, the Collective, and the Class's work as Managers was performed in the normal course of Defendant's business and was integrated into it.

26. Consistent with Defendant's policy, pattern and/or practice, Plaintiff, the Collective, and the Class regularly worked in excess of 40 hours per workweek without being paid all overtime wages, in violation of the FLSA and the KWPCL and KRL.

27. Defendant scheduled Plaintiff Sherwood to work at least 50 hours per week, but he actually worked over 60 hours per week. Plaintiff Sherwood was not paid 1.5 times his regular rate of pay for each hour over 40 and harbored no understanding for him to not be paid 1.5 times his regular rate of pay for each hour over 40.

28. Cook Out has assigned all of the work that Plaintiffs, the Collective, and the Class have performed, and Cook Out is aware of all the work that they have performed.

29. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

30.     Throughout the Collective Action and state Class Periods, Plaintiff, the Collective, and the Class performed the same primary job duties: working the cash registers, cooking food, cleaning the premises, general restaurant preparatory work, washing cooking utensils and other customary unskilled duties associated with working in a restaurant.

31.     Throughout the Collective Action and state Class Periods, the primary job duties of Plaintiff and all members of the collective, and all members of the class, did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

32.     The primary job duties of Plaintiff and all members of the collective, and all members of the class, did not materially differ from the duties of non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiffs' working hours.

33.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Cook Out classified all MITs and AMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA and state wage and hour laws.

34.     Upon information and belief, Cook Out did not perform a person-by-person analysis of the job duties of Assistants when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and the KWPCL.

35.     Defendant established labor budgets to cover labor costs for the restaurants where Plaintiffs and the putative classes worked. The wages of Defendant's restaurant-level employees were deducted from the labor budgets. However, Defendant did not provide sufficient money in

6

the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each restaurant. Defendant knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiff and the Class (who were not paid all overtime due) working more than 40 hours in a workweek without receiving all overtime compensation due, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, restaurant-level employees.

36. Defendant knew, by virtue of the fact that its General Managers and District Managers (as its authorized agents) actually saw the Plaintiff and putative class members perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work. Defendant knew that Plaintiff and those similarly situated were not performing activities that would suffice to make their actual job duties comply with any FLSA or KWPCL exemption and, inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA or KWPCL, it, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and those similarly situated as non-exempt employees.

37. Defendant is aware or should have been aware, through General Managers and District Managers (as its authorized agents), that MITs and AMs were primarily performing non-exempt duties. As an owner and operator of over 150 restaurants throughout the country, Defendant knew or recklessly disregarded the fact that the FLSA and KWPCL required it to pay employees primarily performing non-exempt duties an overtime premium for all hours worked in excess of 40 per workweek.

38. Defendant's unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and the KWPCL.

39. As part of its regular business practice, Cook Out has intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and the state wage and hour laws with respect to Plaintiff and the members of the Collective and Class. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff and the members of the Collective and Class were and have been performing, and that, as a result, Defendant has been:

    a. willfully misclassifying Plaintiff and all members of the Collective and Class as exempt from the overtime requirements of the FLSA and KWPCL;

    b. willfully failing to pay Plaintiff, and all members of the Collective and Class, wages for all hours they worked in excess of 40 hours per week; and

    c. willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt MITs and AMs to perform such non-exempt tasks.

40. Due to the foregoing, Cook Out's failure to pay overtime wages for work performed by Plaintiff, all members of the collective, and all members of the class in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Cookout as MITs, AMs and individuals holding comparable salaried positions with different titles employed by Defendant within the United States at any time from three years from date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

42. Cook Out is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and members of the Collective.

43. There are many similarly situated current and former AMs and MITs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

44. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## ALLEGATIONS RELATING TO THE KENTUCKY STATE LAW CLASS

45. Plaintiff sues on his own behalf and on behalf of the Class as defined above, pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

46. Cook Out violated the KWPCL by not paying its MITs and AMs "all wages" earned by not paying proper overtime wages to Plaintiff and the Class for all hours in which

9

they worked over 40 in a given workweek. The KWPCL expressly authorizes private rights of action.

47. In the alternative to recovery under the KWPCL, the KRL provides an independent remedy for the Class for Cook Out's failure to pay proper overtime to the Class.

48. The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 50 members for the Class.

49. There are questions of law and fact common to the members of the Class that predominate over any questions solely affecting the individual members of the Class.

50. The critical questions of law and fact common to Plaintiffs and the Class that will materially advance the litigation is whether Cook Out is required by the KWPCL to pay Plaintiffs and members of the Class at a rate of 1.5 times their regular hourly rate for all hours worked overtime.

51. Other questions of law and fact common to the Class that will materially advance the litigation include, without limitation:

    a. Whether Cook Out employed Plaintiffs and members of the Class within the meaning of the KWPCL;

    b. The nature and extent of the class-wide injury and the appropriate measure of damages for members of the Class;

    c. Whether Cook Out has a policy of misclassifying MITs and AMs as exempt from coverage of the overtime provisions of the KWPCL;

    d.      Whether Cook Out failed to pay Plaintiff and the Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the KWPCL;

    e.      Whether Defendant can prove that its unlawful policies were implemented in good faith;

    f.      Whether Cook Out is liable for all damages claimed by Plaintiff and members of the Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

    g.      Whether Cook Out should be enjoined from continuing to violate the KWPCL in the future.

52. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has the same interests in this matter as all members of the Class they seek to represent.

53. Plaintiff is an adequate class representative, committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

54. Class certification is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Cook Out has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to these classes as a whole. The members of the Class are entitled to injunctive relief to end Cook Out's common and uniform policy and practice of denying the Kentucky Class the wages to which they are entitled.

55. Class certification of Plaintiff's claims are also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Class predominate over

questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION:
### (FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Collective Action Members)

57. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference the foregoing paragraphs as if they were set forth again herein.

58. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

60. Cook Out has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

61. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

62. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Cook Out.

63. At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiff and the Class for hours worked in excess of 40 hours per workweek.

64. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

67. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendant's actual knowledge, through its Store Managers and District Managers that the primary duties of Plaintiff and the Collective Action Members was manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendant's instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendant knew

13

and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

68. As a result of Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

69. Because Cook Out's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION:
## (KWPCL: UNPAID WAGES)
## (Brought on Behalf of Plaintiff and Members of the Class)

70. Plaintiff, on behalf of himself and all Class Members, realleges and incorporates by reference the foregoing paragraphs as if they were set forth again herein.

71. At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the KWPCL, and Defendant was an employer within the meaning of KWPCL.

72. The overtime wage provisions of the KWPCL and its supporting regulations apply to Defendant.

73. Defendant willfully violated Plaintiff's rights and the rights of the Kentucky Class by failing to pay them the legally required amount of overtime compensation at rates not less

than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the KWPCL and its regulations.

74. As a result of Defendant's policy and/or practice to minimize labor costs by providing its stores with an underfunded labor budget, Defendant willfully caused Plaintiff and Class Members to perform primarily manual labor and non-exempt tasks.

75. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff and the Class Members, Defendant's actual knowledge, through its Store Managers and District Managers, that the primary duties of Plaintiff and Class Members were manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Class Members' job duties to ensure that they were performing exempt job duties, Defendant's instituting a policy and practice that did not allow Plaintiff to record all hours worked, and Defendant's failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the KWPCL.

76. As a result of Defendant's willful violations of the KWPCL, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the KWPCL.

77.     Defendant's KWPCL violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION:
### (KENTUCKY REMEDIES LAW)
### (Brought on Behalf of Plaintiff and All Members of the Class in the Alternative to the KWPCL Claim)

78.     Plaintiff, on behalf of himself and all Class Members, reallege and incorporate by reference the foregoing paragraphs as if they were set forth again herein.

79.     Plaintiff and Class Members are within the class of individuals intended to benefit by operation of the KWPCL.

80.     If the class is determined to be ineligible for recovery directly under the KWPCL, they are eligible for recovery under the KRL.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Collective Action Members and the Class Members are entitled to and pray for the following relief:

   a.  Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

16

b. Certification of the Class as pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the KWPCL;

d. An injunction requiring Cook Out to cease its unlawful practices under, and comply with, the KWPCL;

e. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, and the KWPCL, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

f. An award of liquidated and/or punitive damages as a result of Cook Out's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216, and the KWPCL;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiffs; and

j. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: March 28, 2016              /s/ John C. Whitfield
                                   John C. Whitfield
                                   WHITFIELD BRYSON & MASON LLP
                                   19 N Main St,
                                   Madisonville, KY 42431
                                   Tel: (270) 821-0656
                                   Fax: (202) 429-2294
                                   john@wbmllp.com

                                   Gary E. Mason
                                   WHITFIELD BRYSON & MASON LLP
                                   1625 Massachusetts Ave., N.W., Suite 605
                                   Washington, DC 20036
                                   Tel: (202) 429-2294
                                   Fax: (202) 429-2294
                                   gmason@wbmllp.com

                                   Nicholas A. Migliaccio
                                   Jason S. Rathod
                                   MIGLIACCIO & RATHOD LLP
                                   412 H St NE, Suite 302
                                   Washington, D.C. 20002
                                   (202) 470-3520
                                   jrathod@classlawdc.com


                                   *Attorneys for Plaintiffs*