K
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JUSTIN SHERWOOD, On behalf of himself & all others similarly situated, et al., Plaintiff, v. COOK OUT, INC., Defendant. | Action No. 5:16-cv-92-JMH **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Motion to Dismiss for Lack of Jurisdiction filed by Defendant, Cook Out, Inc. [DE 16]. Plaintiff Justin Sherwood has filed a Response [DE 20] and Defendant has filed a Reply [DE 23]. Thus, the matter is fully briefed and ripe for review.

I.   **Factual and Procedural Background**

In his Complaint, Plaintiff alleges that he was employed by Defendant, Cook Out, Inc., from approximately September 15, 2014 to November 21, 2014 as a MIT at "Defendant's store located in Richmond, Kentucky" [DE 1, Complaint at ¶11]. Plaintiff further alleges that he and similarly situated employees worked in excess of 40 hours per workweek, without receiving wages from Defendant for all hours worked, nor overtime compensation in a timely manner

1

as required by federal and state laws [*Id*. at ¶12, 22]. Plaintiff filed his Complaint in this action individually and on behalf of all others similarly situated, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, K.R.S. § 337.020 ("Kentucky's Wage Payment Collection Law" or "KWPCL"), and, in the alternative to the KWPCL claim for the class, K.R.S. § 446.070 ("Kentucky Remedies Law" or "KRL") [*Id*.].

Defendant filed a Motion to Dismiss Plaintiff's Complaint, primarily arguing that this Court cannot exercise personal jurisdiction over it, thus this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) [DE 16]. Defendant has submitted a Declaration of Rich McCormick, an insurance administrator at Cook Out, Inc., who purports to have familiarity with Defendant's business operations and access to its records [DE 16-2, McCormick Decl.]. According to McCormick, Defendant Cook Out, Inc. is a North Carolina corporation with a principal place of business at 15 Laura Lane, STE 300, Thomasville, NC 27360 [*Id*.]. McCormick also states that Defendant conducts its business in North Carolina and operates a Cook Out Restaurant in North Carolina [*Id*.].

McCormick further states that Defendant is a separate legal entity from the entity that employed Plaintiff, which would have been Cook Out-Richmond KY, Inc. [*Id*.]. According to McCormick, Defendant is neither a parent, nor subsidiary of the entity that

2

employed Plaintiff, nor is Defendant involved in the daily operations of Cook Out-Richmond KY, Inc. [*Id*.]. McCormick also states that Defendant does not operate any restaurants in Kentucky, does not own any real property in Kentucky, does not conduct any regular business in Kentucky, does not sell any products in Kentucky, does not advertise itself in Kentucky, has never sought a license to do business in Kentucky, has no agent for the service of process in Kentucky, and has never registered to do business with the Kentucky Secretary of State [*Id*.].

In response to Defendant's Motion to Dismiss, Plaintiff submits a declaration from their own counsel, Jason S. Rathod, in which he describes Defendant's alleged "significant contacts with Kentucky and employment of Kentucky citizens, including Plaintiff Sherwood" [DE 20-1, Rathod Decl.]. Rathod details his internet searches regarding Defendant and its connections to Kentucky and attaches several news articles and features of Defendant's website (which allegedly shows that it has locations in Kentucky) and Defendant's LinkedIn profile [*Id*.]  Plaintiff concedes that Defendant separately incorporates the individual restaurants that are part of its chain, but argues that the information submitted in the declaration shows that the individual restaurants do not operate as autonomous entities but instead pursuant to centralized policies and practices which are dictated by Defendant. Essentially, Plaintiff argues that Defendant has held itself out

3

as having a presence in Kentucky, such that it should not be surprised to be sued here.

In the alternative to dismissal, Plaintiff requests that the Court permit Plaintiff to take limited jurisdictional discovery with respect to the relationship between Defendant and Cook Out – Richmond KY, Inc., as well as Defendant's operations in Kentucky.

**II. Standard of Review**

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), Plaintiff bears the burden of establishing that jurisdiction exists. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)(citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)(other citations omitted)). When faced with a properly supported motion for dismissal, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)(citation omitted). "Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citing *Serras*, 875 F.2d at 1214). District courts are afforded discretion to select which

4

alternative it will choose. *Id*. (citing *Michigan Nat. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989)).

### III. Analysis

After careful consideration, the Court determines that limited jurisdictional discovery is warranted in this case. Plaintiff's evidence, while thin, demonstrates that there may be some connections between Defendant and Kentucky. Whether Defendant's Kentucky contacts are sufficient for personal jurisdiction purposes remains to be seen. However, out of an abundance of caution, the Court will provide Plaintiff with a short period of time within which to take some limited discovery with respect to Defendant's contacts with Kentucky, including the relationship between Defendant and Cook Out-Richmond KY, Inc.

In the alternative to its personal jurisdiction argument, Defendant also argues that dismissal is warranted because Plaintiff fails to name the correct entity as Defendant in the caption of his Complaint (specifically, that Plaintiff failed to name the entity that actually employed him) in violation of Fed. R. Civ. P. 10 [*Id*.]. Defendant further argues that Plaintiff's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because wage and hour claims are not viable class actions under Kentucky law and also because Plaintiff's Complaint fails to sufficiently plead individual claims for violations of the overtime provisions of the FLSA and the Kentucky wage and hour

5

statute [*Id.*]. Defendant also argues that, as a former employee, Plaintiff lacks standing to seek the injunctive or declaratory relief requested in the Complaint, thus these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). However, because it is unclear whether the Court may properly exercise personal jurisdiction over Defendant, it is inappropriate to address these arguments at this time.

### IV. Conclusion

For all of the foregoing reasons, and the Court being fully and sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1) Defendant's Motion to Dismiss for Lack of Jurisdiction [DE 16] is **DENIED WITHOUT PREJUDICE** to the right to re-file after the completion of limited discovery regarding this Court's exercise of personal jurisdiction over Defendant;

2) The parties **SHALL**, in good faith, **CONDUCT DISCOVERY** limited only to the issue of this Court's exercise of personal jurisdiction over Defendant, specifically Defendant's contacts with Kentucky and the relationship, if any, between Defendant and Cook Out-Richmond, KY, Inc.;

3) That the parties **SHALL COMPLETE ALL JURISDICTIONAL DISCOVERY**, by **TUESDAY, MAY 30, 2017**, which means that a party using a form of discovery that allows a response time under the rules shall calculate and account for appropriate

6

response time, within the discovery deadline, in serving that method of discovery.

4) That all discovery disputes are hereby **REFERRED** to the magistrate judge assigned to this matter for appropriate resolution pursuant to 28 U.S.C. § 636(b)(1)(A).  No motions to compel, nor any other motions relating to a discovery dispute, shall be filed unless all counsel involved in such dispute have first conferred as directed by Fed. R. Civ. P. 37(a)(1), and said counsel have then conferred with the magistrate judge, by telephone conference call, and received his permission to file such motion, with such briefing thereupon as he or she shall direct by appropriate order.

This the 29th day of March, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge